O’Neall, J.
The defendant is indicted under the 22 & 23 Ch. 2. c. 7, which is made of force in this State, and which provides inter aha that any person or persons who shall in *390 the night time maliciously, unlawfully and willingly kill or destroy any horses, sheep or other cattle of any person or persons whatsoever, every such offence shall be adjudged felony, and the offenders and every of them shall suffer as in case felony.”
The indictment charges that the defendant “on the night of the twentieth of August in the year of our Lord one thou-eight hundred and thirty three, with force and arms at Spartanburgh Court House in the district and State aforesaid, did in the night time maliciously, unlawfully and willingly kill a horse of the proper goods and chattels of a certain Joseph Vinson, to. the great damage of the said Joseph, contrary to the act of the general assembly of this State and against the peace and dignity of the same State aforesaid.”
The description of the offence is in the very words of the •statute, and the only question before us is, whether that is sufficient ? I think it is.
In the case of the State v. Rains, 3 M’C. 533, it was held that it was. necessary to specify on the face of the indictment the criminal nature and degree of the offence, and also the particular facts and circumstances which render the defendant guilty of the offence.” That case was an indictment containing two counts, the first for the murder of a slave, and the second for killing a slave on sudden heat and passion. The indictment was framed in the words of the act. The de cisión obviously turned on the analogy which existed between the offence charged in the indictment and created by the act,, to the common law offences of murder and manslaughter: and the pre-cisión required in the indictment was taken from the rules at common law governing the framing of indictments for those offences. I am not disposed to question the correctness of that decision; but it cannot be surely protended that the wilful and malicious killing of a horse in the night time should be laid as murder ; nor can it be pretended that the blow which killed the horse should be laid as one mortal blow, and that the instrument which inflicted the wound, and the wound itself by its length and breadth, should be described. Yet if the ease referred to be authority to govern this case, all this technical precision must be observed. The offence, however, is a mere trespass at common law turned into a felony by statute; and surely the only description necessary is to superadd to the description of the trespass the words of the statute. Starkie, in his criminal pleading, 253, sums up the doctrine on this subject by saying “But at all events when an indictment is founded upon a statute, reason and convenience seem to require that the terms and expressions used by the Legislature as descriptive of the offence, should be adopted in framing that indict- *391 meat; the insertion of others does not seem justifiable on princi-pie; for a substituted word or phrase can never so directly and pointedly support the charge as the one used by the legislature.” It is, however, said that it is conceded that the description must be in the words of the act of the legislature, hut that a general description unaccompanied with the manner of the killing will be insufficient.’ In answer to this view it will only be necessary to refer to the precedents under the Black Act 9 Geo. 1 c. 22, which contains a provision nearly similar to that of the 22 and 23 of Car. 2 c. 7: the description used in them is as general as it is hero. 3 Chitty’s Crim. Law. 1086, 6.
Player, Sol. for the motion.
Williams & Thompson, contra.
The motion to reverse the decision of tho judge below is granted.
Harper & Johnson, Js. concurred.